DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Sesaly O. Stamps (AZ # 25773)
sstamps@dmyl.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| N.M., a minor, by and through his father, Curtis Merrill, and his mother, Karalee Merrill,<br><br>Plaintiffs,<br><br>vs.<br><br>Marana Unified School District; Caitlyn Kauffman, in her individual capacity; Kristin Reidy, in her individual capacity; Robin Meece, in her individual capacity; Joshua Bayne, in his individual capacity; and Daniel Streeter, in his individual capacity,<br><br>Defendants. | NO. CV-25-00377-TUC-EJM<br><br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**<br><br>(Assigned to Hon. Eric J. Markovich) |

Defendants Marana Unified School District, Caitlyn Kauffman, Kristin Reidy, Robin Meece, Joshua Bayne, and Daniel Streeter, by and through counsel undersigned, hereby oppose the Motion for Leave to File *Amicus Curiae* Brief filed by Electronic Frontier Foundation ("EFF"). (Doc. 26). The Court has discretion to accept or reject the brief filed by EFF and Defendants respectfully request that the Court exercise its discretion to deny EFF's brief because it fails to comply with all requirements of the Federal Rules of Appellate Procedure; is duplicative of the arguments raised by Plaintiff in his own Opening Brief; and constitutes an abuse of the purpose of amicus curiae briefs.

There is no federal rule or statute governing participation by amicus curiae at the district court level, but a district court may look to the Federal Rules of Appellate Procedure for guidance. *See Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, *1 (D. Ariz. Dec. 23, 2004), cited by *JZ v. Catalina Foothills Sch. Dist.*, CV-20-00490-TUC-RCC, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) and *Benson v. Casa de Capri Enterprises LLC*, CV-18-00006-PHX-DWL, 2022 WL 2047761, at *4 (D. Ariz. June 7, 2022). Under FRAP 29, an amicus brief must include, among other things, "a statement that indicates whether . . . a party's counsel authored the brief in whole or in part." EFF's proposed amicus brief fails to include this required information. More significantly, an amicus brief may be not "more than one-half the maximum length authorized by these rules for a party's principal brief." FRAP 29(a)(5). Here, the Rules of Appellate Procedure do not control the length of the parties' briefs, but applying this rule in a reasonable manner would limit any amicus brief to 8.5 pages long, or one half of the length permitted to the parties in briefing the motion to dismiss. L.R.Civ. 7.2(c). EFF's proposed brief is instead 17 pages long (with 12 pages of actual text). The court should exercise its discretion to deny leave to file on this basis alone.[1]

Moreover, EFF's proposed brief constitutes an abuse of the purposes of *amicus* briefs. The purpose of an amicus brief is to assist the Court, not to assist a party who is already ably represented by counsel. "The 'classic role' of *amicus curiae* is to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024), quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203,

---

[1] The parties had seventeen (17) pages to address all of the issues raised in the Motion to Dismiss, in which the question of whether the speech at issue should be considered to be on-campus or off-campus speech is just one. This magnifies the impact of EFF's 17 page brief on a single issue raised in the parties' briefing.

204 (9th Cir. 1982). Further, an "*amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case, or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999), citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556, 24 S.Ct. 119 (1903), internal citation omitted.

EFF's brief here is submitted as a friend of Plaintiff, not of this Court. Plaintiff is already ably represented by a public interest law firm dedicated solely to First Amendment issues. Although an amicus brief should normally be allowed when a party is not competently represented or is not represented at all, *see Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citing *Ryan*, 125 F.3d 1062), Plaintiff is clearly represented by competent counsel who specializes in First Amendment law and who are fully capable of presenting Plaintiff's arguments. EFF does not identify another case in which it is involved that might be affected by the Court's decision on this Motion to Dismiss, and it does not have a unique perspective beyond what the First Amendment Law Clinic already representing Plaintiff can provide, nor does it cite relevant law that Plaintiff's attorneys have overlooked. In the context of school-related speech, EFF cites the same cases cited by both parties.

Finally, the issue before the Court is a motion to dismiss. The argument is and should be limited to the allegations in the Complaint itself and materials referenced by the Complaint. EFF, however, relies upon extensive materials outside of the Complaint, the Motion and the Response to the Motion, citing, among other things, allegations in other lawsuits; third party websites; news articles from Slate, BuzzFeed and other sources; articles by the American Civil Liberties Union (ACLU) and other similar interest groups; and even some of EFF's own

published materials (see, e.g., p. 11, ftnt 44 and p. 12, ftnt 45). EFF theorizes about how poorly paid those reviewing AI-generated alerts may be, even though the allegations in this Complaint are that a high school principal reviewed the alert, not a $10/hour employee. EFF dedicates significant argument to the alleged evils of web filters and surveillance of District-provided technology even though the District's program is not at issue; what is at issue is whether Plaintiff's speech is or is not protected by the First Amendment. EFF argues about overreaching in cases of student surveillance, referencing a case where a student faced discipline for talking about killing a fly, which is not relevant to a case where the student wrote "GANG GANG GIMME A BETTER GRADE OR I SHOOT UP DA SKOOL HOMIE."

The only issue at this point is whether, under existing law, Plaintiff's complaint states a claim. The philosophical arguments that EFF asks the Court to consider related to whether or not student speech on school district owned technology should be monitored goes far beyond this limited issue and, therefore, will not assist the Court in addressing the issues raised in the parties' briefing. For this and all of the foregoing reasons, the Court should exercise its discretion to deny EFF's Motion for Leave to File *Amicus Curiae* Brief.

DATED this 23rd day of October, 2025.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: */s/ Lisa Anne Smith*
Lisa Anne Smith
Sesaly O. Stamps
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for a transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregg P. Leslie
Gregg.Leslie@asu.edu
Aaron A. Baumann
Aaron.Baumann@asu.edu
Public Interest Law Firm
Sandra Day O'Connor College of Law
Arizona State University
*Attorneys for Plaintiff*

By: */s/ E. Campbell*